ESTATE OF WILLIAM J. O'SHEA, DECEASED, WILLIAM J. O'SHEA, JR., VINCENT J. O'SHEA AND MAURICE C. O'SHEA, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105942. Promulgated September 8, 1942.

*William J. O'Shea, Jr., Esq.,* and *Edward D. Burns, Esq.,* for the petitioners.

*W. G. Ryman, Esq.,* for the respondent.

LEECH: At his retirement from the office of superintendent of schools of the city of New York petitioners' decedent became the owner of a right to an annuity of $12,678.84 from the System. ·*Kernochan* v. *United States*, 29 Fed. Supp. 860; certiorari denied, 309 U. S. 675. With this right, decedent also acquired the option to surrender that right in exchange for an annuity in a lesser amount, $9,137.60, with a guarantee of minimum payments aggregating the reserve of $85,946.82, the value at retirement of his basic annuity, which guarantee included the right upon the part of decedent to designate a beneficiary to receive the unexhausted balance in the reserve, at decedent's death, and to change that beneficiary at any time. Decedent exercised this option, by virtue of which $41,020.68, the unexhausted balance of this reserve, was paid by the System upon the decedent's death to his designated beneficiaries. The issues are (1) whether all or any ·part of that payment is "insurance" within the purview of section 302 (g) of the Revenue Act of 1926 as amended, and, if not, (2) is such amount or any part of it properly includable in the estate of decedent for Federal estate tax purposes under section 302 (c) of that same statute.

That the city of New York had contributed $83,095.74 and decedent only $2,851.08 of the reserve set up by the System to meet its liability under its contract with decedent, does not seem to us significant in resolving these issues here. Nor is the fact important that the obligor on the contract was the System and not an insurance company. Cf. *J. Darsie Lloyd*, 33 B. T. A. 903; *Frank C. Deering*, 40 B. T. A. 984.

In our opinion, when petitioners' decedent died, he owned a contract providing for the payment of an annuity to him and an offsetting death benefit to his named beneficiaries. The System assumed no "insurance risk" in that contract. Any such risk inherent in the death benefit obligation was neutralized by the annuity provision. Thus we think *Helvering* v. *LeGierse*, 312 U. S. 531, is controlling. Upon the authority of that decision we hold, (1) that none of the contested payment is "insurance" under section 302 (g) of the Revenue Act of 1926, as amended, and (2) all of it is properly includable in the estate of decedent for Federal estate tax purposes under section 302 (c) of the same act.

*Decision will be entered for the respondent.*